**E-Filed 11/14/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVANZIA, S.L., a Spanish corporation<br><br>    Plaintiff,<br><br>    v.<br><br>LASERSCOPE, INC., a California corporation, and AMERICAN MEDICAL SYSTEMS, INC., a Minnesota corporation<br><br>    Defendants. | Case Number C 07-00247 JF (HRL)<br><br>ORDER[1] GRANTING LEAVE TO FILE AMENDED ANSWER AND OTHERWISE DENYING MOTION TO STRIKE<br><br>[re: docket no . 51] |

    Plaintiff Davanzia, S.L. ("Davanzia") moves to strike the answer of defendant Laserscope, Inc.'s ("Laserscope") to Davanzia's Second Amended Complaint ("SAC"). For the reasons discussed below, Laserscope will be directed to file an amended response to ¶ 33 of the SAC, and the motion otherwise will be denied.

## I. BACKGROUND

    This action arises from the now-terminated business relationship between Davanzia and Laserscope, now a subsidiary of American Medical Services, Inc. ("AMS").

---

[1] This disposition is not designated for publication and may not be cited.

On January 12, 2007, Davanzia filed the initial complaint in this action. On January 23, 2007, Davanzia filed the First Amended Complaint (FAC), asserting three claims against Laserscope and AMS: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of express warranty. On March 12, 2007, Laserscope and AMS moved to dismiss the FAC. Laserscope moved to dismiss the claims against it to the extent that Davanzia's alleged damages are based upon the termination of the Agreement; AMS moved to dismiss the claim against it on the basis that it was not a party to the Agreement. Davanzia opposed each aspect of the motion. On April 27, 2007, the Court dismissed the FAC with leave to amend. The Court concluded that Davanzia's interpretation of the Agreement was unreasonable based upon the language of the Agreement and the extrinsic evidence then in the record. The Court also concluded that the FAC included insufficient allegations regarding the alleged alter-ego liability of AMS. The Court granted leave to amend to allege further facts supporting Davanzia's interpretation of the Agreement as reasonable and alter-ego liability on the part of AMS.

On May 29, 2007, Davanzia filed its SAC, asserting the same three claims against the same defendants. On June 12, 2007, Laserscope and AMS moved to dismiss the SAC, asserting the same grounds as they previously had asserted with respect to the FAC. On July 30, 2007, the Court granted the motion to dismiss without prejudice.

On August 13, 2007, Laserscope filed its answer and counterclaim. In its answer, Laserscope responded to Davanzia's allegations, except those relating to the dismissed claims. On September 4, 2007, Davanzia filed a motion to strike several portions of the answer. On October 10, 2007, without leave of the Court, Laserscope filed an amended answer. On October 24, 2007, Laserscope filed its opposition to Davanzia's motion to strike. On October 26, 2007, Davanzia filed its reply to the opposition. The Court heard oral argument on November 9, 2007.

## II. STANDARD OF REVIEW

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."

*Fantasy, Inc. V. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)(citations omitted, rev'd on other grounds). *See also In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp. 2d 955, 965 (2000)("'[i]mpertinent' has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action.").

Motions to strike are generally disfavored. *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D.Ca. 2001). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken. *Id*.

However, if a defense is invalid as a matter of law, a motion to strike should be granted in order to avoid unnecessary expenditure of time and money in litigation, *id.*, or if the matter to be stricken can have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Ca. 1991). "If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party." *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004). Federal Rule of Civil Procedure Rule 8(b) ("Rule 8(b)") requires that a party responding to a complaint or cross-complaint may do so in only one of three ways. Specifically, it must either (1) admit the allegations, (2) deny the allegations, or (3) state that it is without knowledge or information to form a belief as to the truth of an averment. Fed. Rule Civ. Proc. 8(b).

### III. DISCUSSION

Davanzia moves to strike Laserscope's answer on the grounds that Laserscope improperly (1) refused to respond to certain allegations, (2) offered insufficient responses to other allegations and (3) requested attorneys' fees.

Laserscope opposes the motion, arguing (1) it was appropriate for it not to respond to the dismissed claims, and that (2) it appropriately denied all allegations not expressly admitted or

3

Case No. C 07-00247 JF (HRL)
ORDER DENYING MOTION TO STRIKE AND GRANTING LEAVE TO AMEND
(JFEX1)

otherwise qualified. Laserscope states its request for attorneys' fees was inadvertent, and that it addressed the issue by removing the request from its amended answer.

While Laserscope was not required to respond to dismissed claims and allegations, it nonetheless chose to do so, while at the same time noting their dismissal. In so doing, Laserscope implicated Fed. Rule Civ. Proc. 8(b). Although Laserscope properly should have sought leave of Court before filing its amended answer, only one provision of the amended answer is decidedly non-responsive: in answering Davanzia's complaint alleging that "[t]he laser system was delivered with serious defects," (Complaint, ¶ 33) Laserscope states that it "admits that Davanzia has claimed that the system was defective." Amended answer, ¶ 33. This is not a proper admission under Fed. Rule Civ. Proc. 8(b). As discussed at oral argument, Laserscope shall amend its response on or before November 26, 2007.  (*See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004)("If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party.")).

### III. ORDER

IT IS HEREBY ORDERED that on or before November 26, 2007, Laserscope shall amend its answer to Davanzia's ¶ 33 allegation. In light of this Order, Davanzia's motion to strike therefore will be denied as moot.

IT IS SO ORDERED.

DATED: November 13, 2007

_____
JEREMY FOGEL
United States District Judge