```
                                                    **E-Filed 1/22/2008**
```

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAVANZIA, S.L., a Spanish corporation, | Case Number C 07-247 |
| Plaintiff, | ORDER[1] GRANTING LEAVE TO AMEND |
| v. | [re: docket no. 73] |
| LASERSCOPE, INC., a California corporation, and AMERICAN MEDICAL SYSTEMS, INC., a Minnesota corporation, | |
| Defendants. | |
| LASERSCOPE, INC., a California corporation, and AMERICAN MEDICAL SYSTEMS, INC., a Minnesota corporation, | |
| Cross-Complainants, | |
| v. | |
| DAVANZIA, S.L., a Spanish corporation, | |
| Cross-Defendant. | |

Davanzia, S.L. ("Davanzia") moves for leave to amend its complaint. Laserscope, Inc.

---

[1] This disposition is not designated for publication and may not be cited.

("Laserscope") opposes the motion. The Court concludes that the motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

The operative complaint in this action is the Second Amended Complaint ("SAC"). The SAC contains three claims asserted against Laserscope and American Medical Systems, Inc. ("AMS"): (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of express warranty. On June 12, 2007, Laserscope and AMS moved to dismiss the SAC to the extent that its claims sought damages for the termination of the Authorized International Distributor Agreement ("the Agreement"). AMS also moved to dismiss the complaint in its entirety on the basis that Davanzia had not alleged alter-ego liability sufficiently. On July 30, 2007, the Court granted the motion to dismiss without prejudice. With respect to future amendment, the Court explained that:

> in light of the fact that the action will proceed on other claims made in the SAC, the Court concludes that discovery will reveal additional facts relevant to the negotiation of the Agreement or the relationship between AMS and Davanzia. Accordingly, the motion to dismiss will be granted without prejudice to a future motion for leave to amend should discovery reveal such relevant facts.

July 30 Order at 8. Davanzia asserts that in early to mid-October of 2007, it became aware of facts that would support a claim for breach of an exclusivity agreement between the parties, including AMS. Davanzia now seeks leave to amend in order to add that claim.

Federal Rule of Civil Procedure Rule 15(a) governs amendments to pleadings and provides that, absent stipulation, after a responsive pleading has been filed subsequent amendments are permitted only with leave of the court. Under Rule 15(a) "leave shall be freely granted when justice so requires." "This policy [of granting leave] is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

2

Case No. C 07-247
ORDER GRANTING LEAVE TO AMEND
(JFLC1)

*Forman v. Davis*, 371 U.S. 178, 182 (1962).

Laserscope argues that leave should not be granted because Davanzia has delayed unduly in bringing the instant motion. Laserscope bases its argument on the contention that "[i]rrespective of the knowledge of counsel, Davanzia itself was clearly aware of both the underlying facts [involved in the exclusivity claim] and their possible legal import," for the past two years. Counsel for Davanzia asserts that Davanzia did not become aware of the relevant facts until October of 2007. Counsel also recites the following chronology: shortly after discovering the relevant facts, Davanzia served Laserscope with requests of production of documents concerning the potential claim; one month later Davanzia produced 2,000 pages of documents; two weeks later, Davanzia informed Laserscope of its intent to amend the complaint and sought additional discovery; during December of 2007, the parties attempted to stipulate to the instant amendment; these efforts reached an impasse sometime around January 8, 2008, one day before Davanzia filed for leave to amend.

The Court concludes that on balance, there was no undue delay. In light of the liberal standard governing leave to amend, and in light of the express language in the Court's order of July 30, 2007 leave to amend is granted.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for leave to amend is GRANTED.

DATED: January 22, 2008.

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

William J. Frimel      bill.frimel@dlapiper.com

Margaret A. Crawford      maggie.crawford@dlapiper.com

Dianne L. Sweeney      dianne@pillsburylaw.com

Gary Hansen      ghansen@oppenheimer.com

Heather N. Hoecke      hhoecke@oppenheimer.com