**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVANZIA, S.L., a Spanish corporation,

    Plaintiff,

v.

LASERSCOPE, INC., a California corporation, and AMERICAN MEDICAL SYSTEMS, INC., a Minnesota corporation,

    Defendants.

_____/

LASERSCOPE, INC., a California corporation, and AMERICAN MEDICAL SYSTEMS, INC., a Minnesota corporation,

    Cross-Complainants,

v.

DAVANZIA, S.L., a Spanish corporation,

    Cross-Defendant.

_____/

Case No. CV 07-00247 JF (HRL)

**ORDER ON DEFENDANT'S MOTION TO SHORTEN TIME AND MOTION FOR PROTECTIVE ORDER**

Re: Docket Nos. 102, 104

On the evening of February 12, 2008, Laserscope moved for a protective order seeking to reschedule a third-party deposition noticed by Davanzia. Laserscope concurrently filed a motion to shorten time for hearing the motion for a protective order. This court sought and received a letter brief from Davanzia responding to the salient issues raised by Defendant's motions. Finding these motions appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b), the court orders as follows:

**Motion to Shorten Time**:

Davanzia provided email notice of the deposition to Laserscope on the afternoon of February 7. The deposition was noticed for Monday, February 18 and is set to take place in the United Kingdom. Immediately following receipt of the notice, the parties then began meet and confer efforts over the date for which the deposition had been scheduled. When no agreement was reached, Defendant filed the instant motions. Given the time sensitivities involved in the underlying motion, the request to shorten time is GRANTED and the motion for a protective order will now be addressed.

**Motion for a Protective Order**:

Laserscope seeks to have the noticed deposition rescheduled because it argues that the approximately ten day notice period for a deposition set to occur in the United Kingdom is unreasonable. Further, Defendant points to the fact that it is scheduled to appear at two hearings in California to oppose motions filed by Davanzia - one on the Friday prior to and one on the Tuesday morning immediately following - which bracket the day on which the deposition has been noticed. Finally, Laserscope notes that Monday, February 18 is also inappropriate because that is a federal court holiday.

Davanzia says that the deposition should proceed as noticed because the March 31 discovery cutoff in the case is approaching. It wants to conduct the deposition sooner, rather than later, given that cutoff date and in the event that it might require follow-up discovery after the deposition. Furthermore, Davanzia indicates that February 18 is an appropriate date because the deponent has indicated his availability on that date and has otherwise expressed relative unavailability to appear prior to the end of February.

Based on the foregoing, the motion for a protective order is GRANTED. A ten day notice for an out-of-country deposition is unreasonable in these circumstances, particularly where the parties have previously scheduled to be in California immediately preceding and following the noticed date. Therefore, the deposition will not go forward on February 18, 2008

as noticed. The parties shall immediately meet and confer regarding a mutually convenient time to reschedule this deposition.[1]

Finally, the court appreciates Davanzia's concern over the approaching case management deadlines. Accordingly, if Plaintiff makes a proper showing (following the deposition at issue) that the testimony revealed the need for certain follow up discovery, the court would look favorably, in that instance, upon a request to shorten the time for production of such discovery.[2] However, the parties are strongly encouraged to work out any such issues through cooperative meet and confer efforts, rather than further court intervention.

**IT IS SO ORDERED.**

Dated: 2/13/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties risk sanctions if they do not reasonably meet and confer.

[2] Both parties would have seven court days after the cutoff to file any motions to compel fact discovery. (See Civ. L.R. 26-2).

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Margaret Anne Crawford maggie.crawford@dlapiper.com, larry.landry@dlapiper.com

Rajiv Sajjan Dharnidharka rajiv.dharnidharka@dlapiper.com, christina.wikner@dlapiper.com

William J. Frimel bill.frimel@dlapiper.com, carmen.manzano@dlapiper.com

Dianne L. Sweeney dianne@pillsburylaw.com, al.guzman@pillsburylaw.com, janice.hall@pillsburylaw.com, louis.santaana@pillsburylaw.com, meri@pillsburylaw.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 2/13/08

          /s/ KRO
Chambers of Magistrate Judge Lloyd